MARY GOLDER and Others, Plaintiffs, Impleaded with ROSANNA FROST, Appellant, v. JULIA E. FOWLER and Others, Respondents.

Second Department, June 10, 1921.

**Partition — proof of succession not shown — defendants acquired title by adverse possession.**

In an action of partition it appeared that the land was owned by the original ancestor of the plaintiffs, but the plaintiffs failed to show that said ancestor died seized of the land or that plaintiffs' father or their grandfather was the heir at law of said original ancestor; that said land was in possession of a third person from 1848 to 1891, when he sold the land in question to the defendants' predecessors by full covenant deed, and that since 1891 the defendants' possession and that of their predecessors has been open, exclusive, hostile, notorious and adverse, and that this action was commenced in 1919.

*Held*, that the judgment of the lower court dismissing the complaint should be sustained on the ground that the plaintiffs failed to show that the original ancestor died seized of the premises or that the plaintiffs' father or grandfather were heirs at law of the original ancestor, and that the defendants and their predecessors had held the land adversely for more than twenty years.

APPEAL by the plaintiff, Rosanna Frost, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Nassau on the 7th day of April, 1920, upon the decision of the court rendered after a trial at the Nassau Special Term.

*Charles Driggs Lewis*, for the appellant.

*William F. Fowler*, for the respondents Julia E. Fowler and Alice A. Hutcheson.

*Francis G. Hooley*, for the respondents Morris Mott and others.

PUTNAM, J.:

This suit proceeded on the theory of the continued rights of a tenant in common toward the cotenants notwithstanding the ordinary Statute of Limitations. The plaintiffs are the

six daughters of Oliver Pearsall who claims to have been the son of Anthony Pearsall.

Hallett Pearsall, the original ancestor, owned about eight acres of farm lands in Lynbrook, Hempstead, along the south side of the Old Jamaica and Merrick plank road. He died in 1830, intestate. But it does not appear that he died seized of this land. It is assumed that he left four sons, David, Anthony, Peter and Oliver, which inference is supported by a deed from Peter Pearsall and wife to David Pearsall, dated July 20, 1848, purporting to convey an equal undivided quarter interest in the premises in suit, described as formerly belonging to Hallett Pearsall, deceased.

The plaintiffs' theory depends on showing that a quarter interest passed to the son Anthony; that Anthony died intestate about July, 1859, seized of this quarter interest, leaving three brothers, David, Oliver and Peter, his heirs at law.

Plaintiffs as representing the heirs of Oliver Pearsall (who is claimed to have had one undivided twelfth) thus claim to have each an undivided one-seventy-second share in these premises.

The court found that since the 1848 conveyance above, David Pearsall occupied the premises and, up to January 7, 1891, lived thereon, and for a portion of that time had a store thereon.

During that period (1848–1891) David Pearsall rented portions of the premises to defendants Morris Mott, Julius Mott and others, and received the rentals thereof himself. Another finding is that the premises were inclosed by a fence during the period — 1848–1891 — also that in this period David paid the taxes assessed against said premises. There is also a negative finding that during this period Oliver Pearsall, plaintiffs' father, never claimed any interest in said premises nor exercised any dominion thereover; that during this time David Pearsall was generally reputed to own these premises.

On January 7, 1891, David Pearsall executed a full covenant deed to the defendants Mott of about four acres of these premises, which deed was recorded on January 8, 1891.

On February 12, 1891, David Pearsall conveyed to the Motts

by full covenant deed dated on that day, also duly recorded, another portion of these premises. About February 16, 1891, he conveyed to the Motts the remainder of these premises, which conveyance was recorded. Thus, on or before February 16, 1891, he had asserted acts of exclusive ownership as to all this property against any cotenants, which acts may be deemed to set running the Statute of Limitations. (See Code Civ. Proc. § 369 *et seq.*) Oliver Pearsall died in 1902. At that time all six plaintiffs were of full age, so there was no break in the running of the Statute of Limitations. The present action was begun October 10, 1919, over twenty-eight years after these conveyances.

Since 1904 streets have been laid out in the premises, fourteen or fifteen dwellings erected there. During these years the defendants, who have lived within a few miles of the property, have made no claim, and have asserted no rights or interest in same, until 1910, when actions were brought and dropped for lack of prosecution.

The court found that the defendants' possession and that of their predecessors in interest " since the year 1891, has been open, exclusive, hostile, notorious and adverse." The judgment and decision of the learned court at Special Term should, therefore, be sustained upon the following grounds, namely: 1. The failure to prove that Hallett Pearsall died seized of these premises. 2. The omission to show that either plaintiffs' father, Oliver Pearsall, or their grandfather, Anthony Pearsall, was an heir at law of Hallett Pearsall. 3. The open, notorious, adverse possession of defendants and their predecessors, maintained since 1891.

Hence I advise that the judgment be affirmed, with costs.

Present — BLACKMAR, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.